IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u>, CHERI SUTER and MELINDA HARMER, | ) ) ) ) | Case No. CV-03-15-S-BLW |
| Plaintiffs, | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) | |
| NATIONAL REHAB PARTNERS INC. and MAGIC VALLEY REGIONAL MEDICAL CENTER, | ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

The Court has before it Plaintiffs' Motion to Extend Deadlines to Allow Substitution of Expert Witness (Docket No. 52). On October 2, 2006, the Court granted the parties' joint motion to vacate the briefing deadlines and suspended the deadlines in this case until it resolved the pending motion. The Court indicated that it would decide the pending motion without hearing oral argument and then reset the deadlines. The Court now issues the following decision granting Plaintiff's motion.

**Memorandum Decision and Order - Page 1**

## ANALYSIS

Plaintiffs' seek an extension of time to disclose experts so that they can substitute a new expert to replace Lawrence Nicholson.  Federal Rule of Civil Procedure 16(b) states that a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge. . . ."  F.R.C.P. 16(b).

Plaintiffs argue that they learned for the first time during Nicholson's deposition that he did not possess a Masters Degree as suggested in his Curriculum Vitae ("CV").  Plaintiffs contend that they were forced to sever their relationship with Nicholson within a week after his deposition because Nicholson's inaccurate CV would make him a dishonest witness.  Plaintiffs suggest that Nicholson's dishonesty is particularly troublesome in this case because of the allegations of fraud.

Defendants contend that Nicholson's inaccurate CV is merely a discrepancy, which does not necessarily render Nicholson dishonest.  The Court is not persuaded.  Even if Nicholson's CV does not technically state that he holds a Masters Degree, a review of the CV reveals that Nicholson clearly meant to suggest that he did.  Any good trial attorney would have a heyday cross examining Nicholson at this point, and no good trial attorney would dare put him on the stand.

**Memorandum Decision and Order - Page 2**

Defendants also contend that Plaintiffs lacked diligence in determining Nicholson's credentials.  The Rule 16(b) good cause standard "primarily considers the diligence of the [moving] party."  *Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir.1992)*.  Although the Court agrees that a party should investigate the background of a potential expert witness, this Court doubts that it is general practice for attorneys to contact universities to obtain evidence that an expert received a degree.  The Court does not find that Plaintiffs failed to act with sufficient diligence.

Defendants also attack Plaintiffs' diligence by arguing that the United States knew about Nicholson's lack of a Masters Degree based on Nicholson's past testimony in the Pergler case, to which the United States was a party.  However, Nicholson's testimony in Pergler is as clear as his CV; that is to say, it is not clear at all.  (See Hayman Decl. Ex. 8).

Defendants also contend that they would be prejudiced if the Court allowed Plaintiffs to substitute another expert witness for Nicholson.  First, Defendants contend that a substitution will substantially delay this case.  The Court agrees that a substitution will delay the case, but not substantially.  The Court can set an expedited schedule for dealing with the substitution.

**Memorandum Decision and Order - Page 3**

Second, Defendants argue that they have incurred significant expenses in responding to Nicholson's opinion. This is clearly prejudicial to Defendants. However, the Court can ameliorate that prejudice by ordering Plaintiffs to pay any costs related to responding to Nicholson's opinion.

Finally, Defendants argue that they would be prejudiced because Plaintiffs would be allowed to revise their expert opinion based on the deficiencies Defendants have identified in Nicholson's opinions. It does seem unfair that Plaintiffs will be given a second chance to provide an expert opinion after Defendants have played their hand. However, a plaintiff is always given the opportunity to rebut a defendant's expert, and both parties are always required to supplement their reports. Moreover, the Court can obviously allow Defendants an opportunity to update their expert opinion and even substitute a new expert should Defendants feel the need to do so based on Plaintiffs' substituted expert.

More troubling, however, is Defendants assertion that Plaintiffs may use their right to substitute their expert as an opportunity to completely change their expert analysis. It would be prejudicial to allow Plaintiffs to make a drastic change in their expert analysis at this point in the proceedings. However, Plaintiffs state that they do not intend to change the analysis; they simply intend to change the source of the analysis to a more honest one. At this point, the Court does not find

**Memorandum Decision and Order - Page 4**

that Defendants have shown that they will be substantially prejudiced by allowing Plaintiffs to substitute their expert.  However, if Plaintiffs take advantage of the opportunity to substitute their expert by completely changing their expert analysis, the Court will be open to a motion by Defendants.  The remedy to such a motion is unclear at this time, but the Court would envision not allowing the new expert to testify or allowing Defendants to introduce Nicholson's report to show Plaintiffs' changing views.  These are not the only potential remedies, or even sure possibilities.  The Court is simply suggesting potential sanctions should Plaintiffs inappropriately take advantage of their opportunity to substitute its expert.  The Court hopes the need for sanctions will not arise.

In sum, the Court finds good cause to modify the scheduling order to allow Plaintiffs to disclose a substitute expert.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion to Extend Deadlines to Allow Substitution of Expert Witness (Docket No. 52) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are required to pay Defendants' costs incurred in responding to Nicholson's opinion.  The Court understands that the amount of such costs may be disputed and it may be impossible to make such a

**Memorandum Decision and Order - Page 5**

determination until after discovery related to Plaintiffs' substitute expert is finished. Accordingly, the Court invites the parties to work together on determining the costs. However, should the parties fail to reach agreement, the Court invites the parties to brief the issue when it is ripe.

IT IS FURTHER ORDERED that the Clerk of the Court shall set up a scheduling conference as soon as possible in order to reset the suspended deadlines in this case.

DATED: **December 6, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge