IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>ex rel., CHERI SUTER and  )<br>MELINDA HARMER,  )<br>  )<br>　　　　Plaintiffs,  )<br>  )<br>　　v.  )<br>  )<br>NATIONAL REHAB PARTNERS  )<br>INC. and MAGIC VALLEY  )<br>REGIONAL MEDICAL CENTER,  )<br>  )<br>　　　　Defendants.  )<br>_____ ) | Case No. CV-03-015-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Magic Valley Regional Medical Center's

("MVRMC") Motion to Strike Plaintiffs' Substitute Expert Ronald H. Clark

(Docket No. 70).  The Court heard oral argument on the motion on May 2, 2007

and now issues the following decision.

## BACKGROUND

Several months ago, Plaintiffs sought an extension of time to disclose

experts so that they could substitute a new expert to replace Lawrence Nicholson.

Plaintiffs argued that they learned for the first time during Nicholson's deposition

**Memorandum Decision and Order - 1**

that he did not possess a Masters Degree as suggested in his CV.  Plaintiffs

suggested that they were therefore forced to sever their relationship with Nicholson

because Nicholson's inaccurate CV would make him a dishonest witness.

MVRMC opposed the substitution, suggesting that they would be prejudiced

if the Court allowed Plaintiffs to substitute another expert witness for Nicholson.

The Court agreed that there was potential for prejudice should Plaintiffs' motion be

granted.  The Court was able to address many of those potential prejudices.

However, the Court agreed that MVRMC had likely incurred significant expenses

in responding to Nicholson's opinion, which may be lost on the case should

Plaintiffs replace Nicholson.

The Court also agreed with MVRMC's concern that Plaintiffs may use their

opportunity to substitute their expert as an opportunity to completely change their

expert analysis.  The Court found that it would be prejudicial to allow Plaintiffs to

make a drastic change in their expert analysis at this point in the proceedings.

However, based on Plaintiffs' assurance that they did not intend to change the

expert analysis – they simply intended to change the source of the analysis to a

more honest one – the Court found that MVRMC had not shown that they would

be substantially prejudiced by allowing Plaintiffs to substitute their expert.  The

Court therefore granted Plaintiffs' motion.  The Court cautioned Plaintiffs,

**Memorandum Decision and Order - 2**

however, that if they took advantage of the opportunity to substitute their expert by completely changing their expert analysis, the Court would be open to a motion by MVRMC.  The Court specifically stated that the remedy to such a motion was unclear at that time.

Plaintiffs thereafter replaced Nicholson with Ronald Clark as their expert. MVRMC now contends that, in violation of the Court's Order, Clark's expert analysis is completely different from Nicholson's.

## ANALYSIS

After reviewing both Nicholson's and Clark's expert reports, the Court agrees with MVRMC that Plaintiffs have completely changed their expert analysis. First and foremost, Plaintiffs have replaced a forensic examiner and auditor with an attorney.  Moreover, on the one hand, Nicholson's method of analysis consisted mostly of conducting two audits and analyzing the results of those audits.  Clark, on the other hand, did not conduct audits.  Instead, he employed what he terms the Daniel's Model to analyze the case.  Additionally, the experts used different methods to analyze the amount of damages – Nicholson provided a minimum and maximum civil penalties range, while Clark used a per claim analysis.

MVRMC contends that the reports are so dissimilar that the expert auditor previously retained to respond to Nicholson's report cannot herself respond to

**Memorandum Decision and Order - 3**

Clark's opinion, and MVRMC must retain additional experts to respond to Clark. Based on its  review of the reports, the Court agrees with that assessment. Accordingly, the Court finds that Plaintiffs violated the Court's Order by replacing Nicholson with Clark, and MVRMC has been prejudiced by the substitution.

After considering several potential remedies to Plaintiffs' violation, the Court has concluded that the best remedy is to allow Plaintiffs to choose one of two options.  The first option would allow Plaintiffs to forego using Clark as their expert.  Under this option, Plaintiffs will still be allowed, but not forced, to use Nicholson as their expert.

The second option would allow Plaintiffs to use Clark as their expert, but would saddle Plaintiffs with **all** of MVRMC's expenses associated with Nicholson, and any additional expenses which were incurred .  Under this option, the Court would order Plaintiffs to pay MVRMC for all such expenses including, but not limited to, attorney fees and costs related to obtaining its own expert to respond to Nicholson and attorney fees and costs related to reviewing Nicholson's expert report and deposing Nicholson.  To that end, the Court would order MVRMC to provide the Court and Plaintiffs with a cost bill outlining these expenses.  Plaintiffs would then have an opportunity to object to the amount of expenses on specific grounds, and the Court would ultimately determine the final amount.  As a shot

**Memorandum Decision and Order - 4**

across the bow, the Court will note that it is aware of the magnitude of this option, and the Court foresees a relatively large cost bill.  Under this option, the Court will also require that the expenses be paid before the case is allowed to proceed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Magic Valley Regional Medical Center's Motion to Strike Plaintiffs' Substitute Expert Ronald H. Clark (Docket No. 70) shall be, and the same is hereby, GRANTED, but, as discussed above, the remedy may not ultimately be found in striking Clark.

IT IS FURTHER ORDERED that Plaintiffs shall notify the Court and MVRMC within 10 days of the date of this Order which option they choose.  If Plaintiffs choose the first option, Plaintiffs shall contact the Court within 10 days of the date of this Order to schedule a conference for the purpose of creating a final case management order for going forward.  If Plaintiffs choose the second option, MVRMC shall file a cost bill within 10 days of being notified that Plaintiffs have picked the second option.  Plaintiffs will then have seven days to respond to the cost bill.  The Court will then decide the issue, and once the bill is paid, the Court will hold another scheduling conference to create a final case management order

**Memorandum Decision and Order - 5**

for going forward.



DATED:  **May 31, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge