IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel., CHERI SUTER and ) <br> MELINDA HARMER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL REHAB PARTNERS INC. ) <br> and MAGIC VALLEY REGIONAL ) <br> MEDICAL CENTER, ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV-03-15-S-BLW <br><br> **MEMORANDUM** <br> **DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiffs' Motion for Partial Reconsideration of Order on MVRMC's Bill of Fees and Costs, and Request to Post Bond (Docket No. 104). The Court previously entered an Order denying Plaintiffs' request for reconsideration of the amount of the award. However, the Court reserved ruling on whether it would allow Plaintiffs to post a bond in lieu of paying the expert fee award at this time. The parties have now briefed the bond issue. The Court will deny the motion for the reasons explained below.

**Memorandum Decision and Order - 1**

## BACKGROUND

The long version of the background of this discovery dispute is set forth in the Court's earlier Order, and the Court will not repeat it hear. The Court will simply note that it recently ordered Plaintiffs to pay MVRMC $252,214.88 in attorney fees and costs, and $590,709.75 in expert fees and costs. The Court stated that Plaintiffs must pay the entire amount before the case proceeds. Plaintiffs now ask the Court for permission to post a bond for the expert fee award in lieu of paying that amount at this time.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 37(b)(2), if a party fails to obey such an order, "the court in which the action is pending may make such orders in regard to the failure as are just." F.R.C.P. 37(b)(2). Early in this discovery dispute, the Court explained to the parties that if it were to grant Plaintiffs' request to disclose a substitute expert witness, the Court would, as a matter of fairness, require Plaintiffs to pay MVRMC for any fees and costs incurred due to the substitution before the case proceeded. Indeed, as MVRMC indicated, a discovery sanction issued pursuant to FRCP 37(b) should not permit a party "to suffer net economic losses as a result of another party's violation of a discovery order." Moore's Federal Practice § 37.50(1)(a).

**Memorandum Decision and Order - 2**

Here, Plaintiffs essentially contend that the Court should not require Plaintiffs to pay the expert fee award at this time because the Court concluded that it is impossible to determine how much of the expert's work remains useful.  That is not an altogether accurate statement of the Court's finding.  In its earlier Order, the Court indicated that it was somewhat concerned that, because this case has yet to play itself out with respect to dispositive motions and/or trial, it is difficult to determine to what extent the expert's work will be used in this case.  Still, the Court specifically found that, based on the expert's declaration and billing statements, it seemed clear that MVRMC limited its request for expert fees to those associated with the substitution issue.  Out of an abundance of caution, the Court nevertheless reduced the overall expert fee award by 25% so that Plaintiffs would not be required to overpay an award at this point.  The Court noted that depending on how things play out during the remainder of this case, it may be that Plaintiffs should recoup some of the fee award, or it may be that MVRMC may recover the remaining 25%.

Thus, the Court effectively gave Plaintiffs a 25% cushion on the amount of expert fees they are required to pay at this point.  Given this cushion, the Court finds that it is highly unlikely that, in the end, Plaintiffs will not be responsible for the amount of expert fees awarded in the previous order.  Therefore, the Court

**Memorandum Decision and Order - 3**

finds that Plaintiffs have not come forward with good cause to allow them to post a bond in lieu of paying the expert fee award at this time.  MVRMC has incurred these expert fees unnecessarily and should be reimbursed immediately.  Moreover, granting the bond effectively diminishes the award of fees by the amount of interest that will accrue, and, as stated above, MVRMC should not suffer net economic losses as a result of Plaintiffs' violation of the discovery order.  See Moore's Federal Practice § 37.50(1)(a).  Accordingly, the Court will deny the request to post a bond.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Reconsideration of Order on MVRMC's Bill of Fees and Costs, and Request to Post Bond (Docket No. 104) shall be, and the same is hereby, DENIED. Plaintiffs shall pay MVRMC $252,214.88 in attorney fees and costs, and $590,709.75 in expert fees and costs, for a total of $842,924.63, before the case proceeds.

IT IS FURTHER ORDERED that the parties shall contact Jeff Severson, the Law Clerk assigned to this case at (208) 334-9027 on or before **December 14, 2007**, to discuss the status of the payment of the above referenced award. Additionally, at that time, the parties will also discuss setting this case for a

**Memorandum Decision and Order - 4**

scheduling conference for the purpose of amending the current scheduling order in order to deal with the delays caused by the expert witness issue.



DATED:  **November 28, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**