IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA <u>ex rel.</u>, CHERI SUTER and MELINDA HARMER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL REHAB PARTNERS INC. and MAGIC VALLEY REGIONAL MEDICAL CENTER,<br><br>Defendants. | Case No. CV-03-015-S-BLW<br>CV-03-128-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Magic Valley Regional Medical Center's ("Magic Valley") Motion to Compel Production of Documents Responsive to Subpoena Served On Department of Justice (Docket No. 178).

## ANALYSIS

Magic Valley seeks an order compelling the United States Department of Justice ("DOJ") to produce documents responsive to a subpoena served by Magic Valley in January 2009. Magic Valley suggests that the documents were identified

**Memorandum Decision and Order - 1**

by Relators' expert, Ronald Clark, as reflecting the basis for his expert opinion and methodology used in forming his expert opinion. Those documents include authority memoranda from all cases handled by Clark during his tenure as a DOJ attorney, and DOJ's False Claims Act Monograph (the "Monograph").[1]

As explained by DOJ, the Monograph is a compendium of legal advice and strategy assembled over the course of several years and hundreds or thousands of cases under the False Claims Act. The authority memoranda are memoranda prepared by a DOJ trial attorney to obtain official authorization for an action, such as intervening in a *qui tam* suit, declining to intervene and/or accepting a settlement offer. Without these documents, Magic Valley contends that it will be prevented from adequately testing Clark's opinion, including whether Clark properly applied his methods in this case consistent with his work at DOJ.

The Court may order production of documents which an expert witness considered in forming his opinion. See Fed. R. Civ. P. 37(a)(3); Fed. R. Civ. P. 26(a)(2)(B). Specifically, Rule 26 requires disclosure of the "complete statement of all opinions the witness will express and the basis and reasons for them," and "the data or other information considered by the witness in forming them." Fed. R. Civ.

---

[1] The attorneys and Clark sometimes refer to the Monograph as the False Claims Act Manual or Civil Fraud Monograph during Clark's deposition, but it is apparent that it is one in the same document. The Court will refer to it as the Monograph in this Memorandum Decision.

**Memorandum Decision and Order - 2**

P. 26(a)(2)(B)(I) & (ii).

Clark left DOJ approximately fifteen years ago. Relators and DOJ therefore argue that Clark did not review or consider the authority memoranda or Monograph in forming his expert opinion in this case. However, in his deposition, Clark admits that his testimony about the appropriate measure of damages in this case "is in large measure based on [his] experience at DOJ." (Manzo Decl., Ex. B (September 17,2008, Deposition of Ronald Clark "Clark Depo." 101:3-6.) Moreover, Relators admit that Clark identified the Monograph and authority memoranda as documents he routinely viewed during his employment as a DOJ attorney. In fact, Clark testifies in his deposition that he regularly used the Monograph in his work at DOJ. (Clark Depo. 114:8-10.) He also testifies that while he was at DOJ, he regularly reviewed suit authority memoranda and settlement memoranda, which lay out information such as the legal theories, the facts, supporting evidence, a recommendation that suit be initiated and under what provisions of the False Claims or other provisions, allegations, evidence, and litigation weaknesses. (Clark Depo. 107: 1-108:12; 108:25-109:12.) Clark further admits that the suit authorization and settlement memoranda contain analytical discussions of some of the same issues addressed in his expert report. (Clark Depo. 108:13-16; 109:21-25.) Finally, he specifically testifies that the suit authorization

and settlement memoranda are part of what enable him to testify as an expert. (Clark Depo. 108:20-24; 110:1-6.)

Based on the information contained in Clark's expert report and his testimony referenced above, the Court concludes that Clark considered the Monograph (in its form at the time he worked for DOJ) and authority memoranda in forming his opinion, even if he did not specifically consult them in conjunction with preparing his report. This is so notwithstanding the fact that Clark may not have reviewed the material since leaving DOJ. Simply put, those materials and his corollary experience at DOJ are the keystone of his opinion. Relators and DOJ point to no authority for the proposition that DOJ need only provide Magic Valley with information considered by Clark immediately before or simultaneously with preparing his expert report. Such an argument ignores Clark's admitted consideration and reliance upon those materials.

Moreover, the Court finds that Magic Valley must be given access to the requested documents in order to properly examine Clark on the bases for his opinion. Relators may not use the documents as a shield and a sword by "asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). This is true even though Relators are not personally in possession of the

**Memorandum Decision and Order - 4**

documents, because the United States is the real party in interest in any False Claims Act suit, even when it permits a *qui tam* relator to pursue the action on its behalf. Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007) (citing In re Schimmels, 127 F.3d 875, 882 (9th Cir. 1997). Thus, although Clark is technically Relators' expert, the United States, which has access to the Monograph and authority memoranda, must comply with Rule 26 disclosures if Clark is to testify. The United States and Relators may not benefit from Clark's knowledge of DOJ documents, while at the same time prevent Magic Valley from obtaining those documents.

Finally, the Court finds that DOJ's assertion of various privileges does not relieve it of its duty to disclose the documents. Although the Ninth Circuit has not specifically weighed in on the issue, and there is some disagreement among federal courts, it appears the majority of courts have determined that the disclosure requirements of Rule 26(a)(2)(B) trump all claims of privilege. In *Synthes Spine Co., L.P. v. Walden*, the Eastern District Court of Pennsylvania explained in detail the disagreement among the courts, and highlighted the fact that the overwhelming majority of courts have adopted a pro-discovery position. 232 F.R.D. 460, 463-64 (E.D.Pa. 2005). The court pointed out the consistent finding among most courts that fundamental fairness requires disclosure of all information supplied to a

**Memorandum Decision and Order - 5**

testifying expert in connection with his testimony, regardless of whether such information falls under the attorney-client or work product doctrine.  *Id*. at 463. (Internal citations omitted).  The court noted that a bright-line rule of disclosure "serves important policy considerations, including the facilitation of effective cross-examination and the resolution of uncertainty as to the discoverability of documentation divulged to a testifying expert."  *Id*. At 464.

The court concluded that the correct interpretation of Rule 26(a)(2)(B) "requir[es] disclosure of all information, whether privileged or not, that a testifying expert generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions. . . ."  *Id.*  This Court agrees.

Accordingly, the Court is inclined to require production of the documents, likely under some type of protective order. However, a bit of a conundrum is created in this case because the United States and Relators do not appear completely aligned with respect to Clark's testimony. As pointed out by Magic Valley, there would be no need for production of the documents if the United States and Relators determine that they would rather Clark not testify regarding the Monograph and authority memoranda in lieu of producing the material.  To complicate things more, depending on the outcome of the upcoming *Daubert* motion on Clark, no production may be necessary if Clark is denied the

**Memorandum Decision and Order - 6**

opportunity to testify as an expert altogether.

For these reasons, the Court will grant the motion to compel. However, the Court will not require production of the documents at this time. The Court will proceed with the *Daubert* hearing on Clark as planned. If the Court grants Magic Valley's motion to strike Clark as an expert, the production issue will become moot. If the Court denies the motion to strike, Relators and the United States will need to either produce the documents or withdraw Clark as an expert. Potentially, a third alternative exists where Clark would testify as an expert without reference to his DOJ experience. However, it is difficult for the Court to imagine how that would be possible given the information contained in his report and deposition. The issue will likely flesh itself out during the *Daubert* hearing.

The Court is mindful that Magic Valley wants to use this material to question the bases for Clark's opinion at the upcoming Daubert hearing. However, they have raised a serious challenge to Clark's testimony without the Monograph and authority memoranda. But, in fairness to Magic Valley, the Court will, depending on the outcome of the scheduled *Daubert* hearing, consider conducting a second, narrowly focused *Daubert* hearing after Magic Valley has had the opportunity to receive and review the Monograph and authority memoranda.

**Memorandum Decision and Order - 7**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Magic Valley Regional Medical Center's Motion to Compel Production of Documents Responsive to Subpoena Served On Department of Justice (Docket No. 178) shall be, and the same is hereby GRANTED. However, DOJ is not required to produce the documents until after a decision on the motion to strike Clark is resolved. If Clark is allowed to testify, DOJ will be required to produce the documents in short order, so DOJ should begin making preparations for production at this point in order to prevent delay.



DATED: **February 4, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge